FILED
U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
2016 SEP 26  PM 3: 43

UNITED STATES OF AMERICA
CLERK'S OFFICE
AT BALTIMORE

    v.                       *   Crim. No. GLR-15-601

BY_____ _____ *DEPUTY

**FREDERICK GOLDBERG**         *
**Defendant.**               *

*****************

## CONSENT ORDER OF FORFEITURE

WHEREAS, the defendant, **FREDERICK GOLDBERG**, pleaded guilty pursuant to a written plea agreement to Counts One and Two of the Information, charging him respectively with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846 and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

WHEREAS, pursuant to his plea agreement, the defendant agreed to forfeit $1,812,070, representing the proceeds of his offense, to the United States in the form of a money judgment;

WHEREAS, the defendant also agreed to forfeit the following property, as property to money, property, or assets of any kind, derived from or acquired as a result of the offense to which the defendant has pleaded guilty ("the directly forfeitable property"):

    a.    $42,740 in U.S. Currency and $4,430 in casino chips that were seized from the Defendant on November 6, 2015; and

    b.    $100,000 in U.S. Currency that was seized from the Defendant's residence on November 19, 2015;

WHEREAS the money judgment, any substitute assets and the directly forfeitable property are referred to herein as "the Subject Property"; and

WHEREAS, the defendant agreed that entry of this order shall be made a part of the

1

sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2.      Upon the entry of this Order, in accordance with Rule 32.2(b)(3), the United States is authorized to seize the real estate securing the money judgment as set forth in the parties' separate settlement agreement that was incorporated by reference in the defendant's plea agreement, should the defendant fail to pay the settlement amount as set forth in that settlement agreement.

3.      Upon entry of this Order, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov.   The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.   *See* Rule 32.2(c).   The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition.   *See* Rule 32.2(b)(6).   No such notice or ancillary proceeding is necessary, however, to the extent that this Order consists solely of a judgment for a sum of money.   Rule 32.2(c)(1)

4.      Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first

publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5.      Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

6.      If a petition is filed by a third party, and after the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7.      The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

8.      Pursuant to Rule 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.   If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

9.      Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) if the Government locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute

3

assets pursuant to 21 U.S.C. § 853(p).

      10.    The value of any substitute assets included in the Subject Property shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property, including the specific property listed above, that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited. Accordingly, if the specific property listed above is finally forfeited to the United States, the Defendant's outstanding money judgment will be $1,664,900.

Date: 9/26/16

George L. Russell, III
United States District Judge

WE ASK FOR THIS:

Jason Medinger
Assistant United States Attorney

Frederick Goldberg
Defendant

Deborah L. Boardman
Attorney for the Defendant

4